UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE EZEQUIEL CASTANON PEREZ,

Petitioner,

v.

Case No. 2:26-cv-2342-KCD-NPM

FACILITY ADMINISTRATOR, GLADES COUNTY DETENTION CENTER, FIELD OFFICE DIRECTOR, MIAMI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.
_______________________________/

**ORDER**

Petitioner Jose Ezequiel Castanon Perez is a Guatemalan citizen with a final order of removal that became final on August 18, 2026. Perez now seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the Fifth Amendment and asks this Court to order his immediate release. (Doc. 1.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

Invoking the Fifth Amendment, Perez claims that he has been detained beyond the bounds of what substantive due process allows. (Doc. 1 at 13.) The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate

removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

Perez's removal order was final on August 18, 2026. As the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Here, Perez's post-removal order detention does not exceed six months.

Perez also presses a procedural due process claim. (Doc. 1 at 19.) But it isn't clear that he is entitled to a freestanding due process analysis at this time. When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas v. Davis*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). So until that timer goes off, *Zadvydas* itself supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Perez's detention has not met the six-month threshold, he is not yet entitled to anything more.

Accordingly, the habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Perez refiling a new petition should his current detention exceed six months and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on September 4, 2026.

Kyle C. Dudek
United States District Judge